## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNIE ROBINSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BENJAMIN MOORE & COMPANY** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **Defendant.** | ) | |

## COMPLAINT

### I.   JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4), 2201, 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the "The Age Discrimination in Employment Act," as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981, The Civil Rights Act of 1866 and The Civil Rights Act of 1991, Section 1981(a).  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights providing for relief against race and age discrimination.

2. The discriminatory employment actions complained of herein were committed, and are being committed, within the State of Alabama.

### II.   ADMINISTRATIVE EXHAUSTION

3. The Plaintiff Ronnie Robinson ( Robinson) filed a Charge of Discrimination(420-2016-02901) on or about August 2, 2016,  with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, Benjamin Moore & Company. ("Benjamin Moore

"), within 180 days of the occurrence of the last discriminatory act. Plaintiff has also filed an Amended Charge of Discrimination alleging racial discrimination by Benjamin Moore on August 12, 2016. Robinson was issued a Notice of Right to Sue by the EEOC on May 8, 2016. Robinson  Robinson is filing this lawsuit within ninety (90) days of receiving his Notice of Right to Sue. (**Exhibit A**)

### III. PARTIES

4. Plaintiff, Ronnie Robinson, is a African American male citizen of the United States over the age of 19 and a resident of the State of Alabama. Robinson is over the age of forty (40). Robinson is a person affected under the statue.

5. Defendant, Benjamin Moore & Company Inc., is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq.; $2 U.S.C. Section 1981, the Civil Rights Act of 1991 Section 1981(a);the "Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq.; and the Alabama Age Discrimination in Employment Act Code of Alabama § 25-1-22 et. seq. Benjamin Moore employs over fifteen employees.

### IV. FACTS

6. The Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. Robinson was first employed with the defendant in October of 2007 and is currently fifty-eight (58) years old. Robinson was employed by Benjamin More as a filler . Since February 2016 Robinson applied for numerous positions with the defendant

throughout the country which would have been promotions for him. These positions include CIP Champion position , Shader, Mixer and Assistant Lead. Upon information and belief each of the positions were filed with people outside the protected category.  During his employment Robinson always performed his duties and responsibilities in a satisfactory manner.  Robinson has been denied promotion to every position he has applied to within the relevant time period.

## V.     CAUSES OF ACTION

**COUNT I:     AGE DISCRIMINATION IN EMPLOYMENT**

9. The Plaintiff re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail hereinbelow.

10. Plaintiff was subjected to unequal treatment regarding his employment because of his age.  Defendant discriminates on the basis of age in promotions and other terms and conditions of employment.

11. As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

**COUNT II:    RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII And 42 U.S.C.  SECTION 1981**

12. The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above with the same force and effect as if fully set out in specific detail hereinbelow.

13. Robinson  has been denied promotions to higher positions because of his race in violation of Title VII of The Civil Rights Act of 1964, as amended, The Civil Rights Act of 1991

and Section 1981(a) and 42 U.S.C. Section 1981, The Civil Rights Act of 1866.

14.     As a consequence and effect of this unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

15.     Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of this demeaning, and unlawful conduct.

16.     The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court:

1.      Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by The Age Discrimination in Employment Act," as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a); Title VII of the Civil Rights Act of 1964, as amended, The Civil Rights Act of 1991, The Civil Rights Act of 1866, 42 U.S.C. Section 1981.

2.      Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3.      Enter an Order requiring the Defendant to make the Plaintiff whole by granting

him appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, liquidated damages, punitive damages, and other benefits of employment.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**[PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY]**

                          Respectfully submitted,

                          /s/Byron R. Perkins
                          Byron R. Perkins
                          Attorney for the Plaintiff

PERKINS-LAW, LLC
950 22nd Street North, Suite 550
Birmingham, AL 35203
Telephone:  (205) 558-4696
bperkins@perkins-law.com

**SERVE THE DEFENDANT AT**

**KARYN D. JEFFERSON, ESQ.**

**DEPUTY GENERAL COUNSEL**

**BENJAMIN MOORE & COMPANY**

**101 PARAGON DRIVE**

**MONTVALE, NEW JERSEY 07645**

5